## BUD STAFFORD V. THE STATE.

### No. 9917.   Delivered February 24th, 1926.

1.—Transporting Intoxicating Liquor—Charge of Court—Definition of Transporting—Omission Not Error.

Where, on a trial for transporting intoxicating liquor, the court charged the jury as to the meaning of transportation, and told them that if they believed from the evidence beyond a reasonable doubt that appellant did transport liquor capable of producing intoxication, to convict, there was no error in the court's failure to give the statutory definition of the offense of transporting intoxicating liquor.

2.—Same—Charge of Court—Additional Instructions—Not Improper.

Where, after their retirement the jury properly asked for additional instructions, and responsive to their request the court in writing instructed them that if they should find the defendant guilty they could assess his punishment at any time not less than one nor more than five years, this procedure was proper and no error is presented.

3.—Same—Charge of Court—On Issue—Not Raised—Refusal of—Held, Proper.

Where, on a trial for the transportation of intoxicating liquor, appellant excepted to the failure of the court to instruct the jury that if the liquor transported by appellant was not intoxicating, or if they had a reasonable doubt thereof to acquit, and the only testimony given on this issue was that the liquor was intoxicating, no error is shown. It is well settled in this state that no duty rests upon the court to submit an issue not raised by the testimony.

4.—Same—Evidence—Held, Sufficient.

Where defense witness testified to having drank grape juice out of a jar half full given him during the afternoon by appellant, and that it was not intoxicating, this testimony was not in any sense conflicting with the statement of the state's witness that she rode in a car with appellant that night and that he then had a jar full of whiskey in the car, such testimony of the state witness which was uncontradicted, was sufficient to support the conviction, and the cause is affirmed.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two and one-half years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* and *Chand'er & Chandler* of Stephenville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Erath County for transporting intoxicating liquor, punishment fixed at two and one-half years in the penitentiary.

There appears in the record but the testimony of two witnesses, one for the state who testified that on the occasion in question she and another party went in a car with appellant some two miles out from Stephenville, and that he carried with him a fruit jar full of whiskey. She said that the other party drank part of the liquor and became intoxicated. The other witness referred to testified for the appellant, that on the afternoon of the same day he went up to appellant's house to trade cows with him and appellant went in his barn and got a jar and gave to witness a drink. He said that the liquor he drank was not intoxicating. He also said that the fruit jar was about half full. There is nothing in the record to identify the liquor thus imbibed by the defense witness, with that transported by appellant on the occasion testified to by the state witness.

There are four bills of exception in the record. The first complains of the failure of the court to give the statutory definition of the offense of transporting intoxicating liquor. We perceive no error in this action of the court. The court instructed the jury as to the meaning of transportation, and told them if they believed from the evidence beyond a reasonable

doubt that appellant did transport liquor capable of producing intoxication, he should be found guilty.

Bill of exceptions No. 2 complains of the fact that in response to a request of the jury for additional instructions the court said:

"Gentlemen of the Jury: Your question in substance is: Are you permitted by the law and the charge of the court in assessing a penalty in this case, to split a year. And in answer to your question, you are instructed, that if you find the defendant guilty, you may, under the law and the charge of the court, assess the punishment at any time in your discretion not less than one year, nor more than five years."

We see no error in the action of the court in this regard.

After the evidence was closed for both sides and the charge submitted to appellant's counsel, he excepted to same for its failure to instruct the jury that if the liquid transported by appellant was a non-intoxicant, or if they had a reasonable doubt as to this, he should be acquitted. It is a well settled rule that no duty rests upon the court to give an instruction that is not called for by testimony. The only testimony as to the liquor that was transported by appellant on the occasion in question, was that it was intoxicating and that it made the only party who is shown to have taken much of it, drunk.

Appellant's fourth bill of exceptions is substantially the same as his bill No. 3. We see nothing in the testimony of the defense witness which injects into this case as a defensive theory that the liquor transported by appellant was not intoxicating. The liquor produced by appellant in the afternoon, which was partaken of by appellant's witness, is referred to as grape juice, and it is shown that the jar then produced was only half full. The liquor transported that night is referred to as whiskey, and it is shown that the jar when brought out to the car by appellant was full. No one testified that both were the same kind or character of liquor.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*